Bank of Milo v. George W. Vertz, Appellant.

Negotiable instruments: evidence.—Finding that note in possession of maker is unpaid, sustained.

*Appeal from Warren District Court.*—Hon. J. H. Applegate, Judge.

Thursday, December 12, 1895.

The plaintiff, a firm doing a private banking business, brought this action in equity to recover one hundred and fifty-five dollars, with interest upon a promissory note alleged to be lost or destroyed, and to foreclose a chattel mortgage given to secure the same. Plaintiff alleges that it is the owner of said note and mortgage, and that said note is due and unpaid. The defendant answered, admitting the execution of said note and mortgage, but denying that he is indebted thereon, denying that the same is lost or destroyed, or that the plaintiff is the owner thereof, or has any

interest therein, and alleging that the same was fully paid to the plaintiff. He alleges by way of cross claim that in the year 1890 he paid to the plaintiff one hundred dollars, to be credited on a note for six hundred and twenty-five dollars, which the plaintiff then held against him; that plaintiff failed to credit said amount on said note, and falsely and fraudulently stated to defendant that said amount had been credited on the note in suit which had been lost, knowing that said note had not been lost, but was fully paid, and delivered to the defendant; that by said false statements defendant was persuaded to pay to plaintiff one hundred dollars more than was due; wherefore he prays judgment against the plaintiff for one hundred dollars, with interest. Plaintiff, in reply, denies that the note in suit has been paid, denies the allegations of false and fraudulent representations, and denies that plaintiff made an overpayment of one hundred dollars, or of any other sum. The case was tried to the court, and judgment and decree entered in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*W. H. Berry* for appellant.

*W. F. Powell* for appellee.

Given, C. J.—The only questions presented on this appeal are whether the note in suit has been paid, and whether the defendant made an overpayment of one hundred dollars to the plaintiff. On both questions the evidence is conflicting, and not entirely convincing as to the claims of either party. With this conflict before us, we are to determine in whose favor the evidence preponderates. We will not consume space here to set out or discuss the evidence in detail, but simply notice those controlling features that, in our opinion, determine with which party the preponderance of the evidence is. For a number of years the defendant, a farmer, had dealings with the plaintiff bank, concerning which the bank alone kept accounts. During the period under consideration the bank held five different promissory notes against the plaintiff, concerning which there were a number of transactions, as shown by the books of the bank and statements of the witnesses. We first inquire whether the note in suit has been paid. John F. and Nathan Schee, of the plaintiff firm, who transacted the business with the defendant, testified positively that the note in suit was never paid, and that the same is not in the possession of the plaintiff. They are unable to say how it got out of the plaintiff's possession, except to surmise that it was delivered to the defendant by mistake at a time when he took up some other of his notes. The bank books fully corroborate these witnesses in their statement that this note has not been paid. The accuracy of these books is questioned, but, while we think mistake was not impossible, we are satisfied that the books were skillfully and honestly

kept. They were so kept that if this note had been paid, though not so entered, the fact must have appeared in a surplus of cash on hand. It is impossible that this payment could have been made without its being known to the agents of the bank, and we do not think we are warranted in concluding that they received the payment, and omitted to make proper entry upon their books, for the purpose of defrauding the defendant. If the question of payment rested upon the testimony of these witnesses and the books of the bank, we would not hesitate in finding that the note was unpaid, notwithstanding the failure of the plaintiff to produce it. On the other hand, the defendant produces the note sued upon, marked "Paid," by himself, in red ink, across the face thereof. His statements concerning the payment of the note are so blended with his statements of the overpayment of one hundred dollars that it has required very careful reading to arrive at a correct understanding of what he says concerning the payment. In his evidence these statements are found: "I never took this note from Mr. Schee, nor any other place or person, without the payment of it, and I did not get it in my possession by mistake. The note for one hundred and fifty-five dollars, marked 'Exhibit I,' is the note I paid. I put the word 'Paid' on that note, and drew the lines through the name. I did it at home." Again he says: "I had the $155.00 note before the 12th of June, 1891. * * * I do not remember the date I paid it, but it was before the 12th of June, 1891. * * * I do not remember the exact amount I paid when I got the $155.00 note, but I paid what was due, and paid it in cash. Johnnie Schee computed the interest, took the money, and gave me the note. I remember the transaction." The note in suit was executed to Nathan Schee, and transferred by him to the plaintiff. Defendant testifies that on taking up the note in suit he took it home, and placed it in his clock, and that, forgetting where he had put it, he was unable to find it until about a month before the commencement of this suit, notwithstanding repeated searches. He is corroborated in this statement by members of his family. In his statement that he paid the note he is corroborated by the possession thereof; yet we think, upon a careful reading of all the evidence, that the preponderance is in favor of the conclusion that the note has not been paid. With the number of transactions which the defendant had with the bank, the number of payments made by him at different times and in different sums on the several notes, it is possible for him to be confused in his recollection of the different payments in question. Finding himself in possession of this note, and not having any account or distinct recollection of the several transactions, it is natural that he should conclude that the note was paid, when in fact it was not. We are confirmed in this view because of defendant's inability to state more specifically the time and amount of the payment. Defendant's possession of the note, unexplained, would surely be a very

strong circumstance in support of his claim of payment. We think, however, that in view of the character and number of the transactions had, possession is accounted for, not conclusively, it is true, but so as to materially weaken the presumption of payment. His notes were kept in a bunch, and when payments were made they were all laid out together. One or more notes were taken up by defendant between the time the plaintiff was known to have this note and the time it was missed from the bank. It was possible for the defendant to have thus come into the possesssion of this note without payment, placed it in the clock, and afterwards, not remembering in detail the payments he had made, come to the conclusion that this note had been paid. The same reasoning applies to the question of the payment of the one hundred dollars in excess of what was due. We say again that on neither question is the evidence entirely convincing as to the claims of either party, yet, upon a careful view of the whole evidence, we are of the opinion that the preponderance is with the plaintiff, and the judgment and decree of the district court is therefore *affirmed*.